■ CHARLES H. TALLENT, Respondent, v. JEAN M. TALLENT, Appellant.— HAMM, J. The defendant wife appeals from an order denying her motion to vacate and set aside an interlocutory judgment of divorce in favor of the

plaintiff. Section 1153 of the Civil Practice Act, now section 171 of the Domestic Relations Law without change, provided: " the plaintiff is not entitled to a divorce, although the adultery is established: ' * * * 2. Where the offense charged has been forgiven by the plaintiff. The forgiveness may be proven either affirmatively, or by the voluntary cohabitation of the parties with the knowledge of the fact." The judgment was granted October 4, 1960, and entered October 7, 1960; on December 20, 1960, while the judgment was still interlocutory, the defendant instituted the motion by an order to show cause dated December 20, 1960, and containing a stay of all proceedings. The defendant submitted her own affidavit alleging that " the plaintiff and defendant had sex relations with each other on October 2, 6, 9, 30, November 3, 6, 23 and 29, 1960". The defendant submitted also an affidavit of a woman who deposed that, at the defendant's request, she had stationed herself on a fire escape for approximately an hour throughout the entire occasion of a visit by the plaintiff to the defendant's apartment. The affidavit of this concealed affiant goes on to state that she " is ready and willing to testify in any court proceeding in connection with the events that took place in said apartment while your deponent was out on the aforesaid fire escape " but it is completely devoid of any reference to any observation whatsoever. Section 349 of the former Civil Practice Act, now CPLR 4502 as reworded, provided that on the trial of an action, or a hearing upon the merits in a special proceeding, founded upon an allegation of adultery, neither spouse was competent to testify *against* the other except: to prove the marriage, to disprove the adultery or to disprove any of the affirmative defenses mentioned in section 1153 of the Civil Practice Act after introduction of evidence tending to establish any of such defenses. As Mr. Justice SHIENTAG observed in 1945 (*Grobin* v. *Grobin*, 184 Misc. 996, 998): " In a divorce action * * * husband and wife * * * are incompetent to testify against each other except (a) to prove the marriage; (b) to disprove the allegation of adultery; (c) to disprove any proof offered in support of special defenses * * * in section 1153 of the Civil Practice Act." It is apparent that the affidavit of the defendant wife is within the prohibition of section 349 not being offered, in the language of the statute, " in disproof " of an affirmative defense. " If the testimony [nonaccess] falls within the scope of section 349 of the Civil Practice Act, the incompetency of the witness cannot be waived, nor does his [her] testimony become admissible by a failure to object to it." (*Admire* v. *Admire*, 180 Misc. 68, 71, per BERGAN, J.) Consequently there were before the court at Special Term only the incompetent evidence given by the wife in her affidavit and the evidence of an observer who, in her affidavit, stated merely that she was in a position to observe but omitted any evidence whatever of her observation. In these circumstances there was nothing before the court to require or warrant the taking of oral testimony on the issue of cohabitation or forgiveness and the defendant failed to establish facts sufficient to entitle her to relief. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.